1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Philana Andreason, | No. CV-18-04102-PHX-DWL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Philana Andreason's Applications for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 9, Pl. Br.), Defendant SSA Commissioner's Opposition (Doc. 10, Def. Br.), and Plaintiff's Reply (Doc. 11, Reply). The Court has reviewed the briefs and the Administrative Record (Doc. 8, R.) and now reverses the Administrative Law Judge's ("ALJ") decision (R. at 24–36).

**I.  BACKGROUND**

Plaintiff filed her Applications on May 14, 2015 for a period of disability beginning on April 14, 2014. (R. at 27.) Plaintiff's claim was denied initially on October 1, 2015, and upon reconsideration on February 4, 2016. (R. at 27.) Plaintiff then testified at a hearing held before the ALJ on November 8, 2017. (R. at 27.) On December 18, 2017,

1 the ALJ denied Plaintiff's Applications, which became the final decision on April 26, 2018
2 when the Administrative Council denied Plaintiff's request for review. (R. at 12–15.)

3 The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: radiculopathy, posttraumatic stress disorder, anxiety, degenerative disc disease, osteoarthritis, chondromalacia patella, Raynaud's disease, fibromyalgia, hypermobility with joint dysfunction, migraines, cubital tunnel syndrome, and epicondylitis of the right elbow. (R. at 29–30.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded Plaintiff is not disabled. (R. at 36.) The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 30–31.) The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with some limitations, including: frequently climbing ramps and stairs, but never ladders, ropes, or scaffolds; frequently balancing, stooping, kneeling, crouching, and crawling; frequently handling, fingering, and reaching; no concentrated exposure to extreme cold, extreme heat, and vibration; work requiring no greater than a reasoning level of three; occasional changes in the workplace setting; and occasional interaction with the public, coworkers, and supervisors. (R. at 31–32.) Consequently, the ALJ concluded that Plaintiff is unable to perform any past relevant work but can perform a significant number of jobs in the national economy. (R. at 34–35.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside an ALJ's disability determination only if the

determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the SSA Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises the following arguments for the Court's consideration: (1) the ALJ improperly rejected Plaintiff's symptom testimony; and (2) the ALJ failed to properly weigh the opinions of Plaintiff's treating licensed associate counselor and the state agency examining psychologist.

### A. Symptom Testimony

Plaintiff argues that the ALJ erred by rejecting her symptom testimony. (Pl. Br. at 10-18.) The Court agrees. Although credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). When evaluating a claimant's testimony, the ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).[1] However, the ALJ may consider the lack of objective evidence along with the nature, frequency, and intensity of any pain; aggravating factors; effectiveness of treatment, including pain medication; functional restrictions; and daily activities. *Id.*

The first reason the ALJ gave for rejecting Plaintiff's symptom testimony is that Plaintiff's alleged limitations are not well-supported by the record. (R. at 32.) This reason, alone, is not enough to reject Plaintiff's symptom testimony. Moreover, the ALJ did not demonstrate that Plaintiff's medical records actually undermine her testimony.

The ALJ pointed to imaging records that showed normal findings in Plaintiff's wrist, shoulder, and elbow; medical epicondylitis of the right wrist; disc protrusion at C6-C7 causing borderline central canal stenosis; posterior spondylosis; and uncovertebral

---

[1] Plaintiff argues it was "fundamental legal error" for the ALJ to reject her symptom testimony due to its inconsistency with the medical evidence. (Pl. Br. at 12.) However, Plaintiff misstates the law. The ALJ may properly consider whether the medical record lacks evidence to support certain symptom testimony—that simply cannot form the sole basis for rejecting the testimony. *Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

hypertrophy causing moderate to severe left and mild right foraminal stenosis. (R. at 33.) The ALJ also noted that many of Plaintiff's physical examinations showed normal findings in gait, station, sensory and motor functioning, range of motion, and strength. (R. at 33.)

Plaintiff argues that the ALJ failed to identify specific testimony that was invalid and, relatedly, that the ALJ erred by merely summarizing large swaths of medical records without explaining why those records undermined Plaintiff's testimony. (Pl. Br. at 12–16.) Defendant responds to this argument by summarizing the same records as the ALJ and arguing that the ALJ reasonably concluded that the records do not support disabling restrictions. (Def. Br. at 8–9.)

Plaintiff has the better side of this argument. At the hearing, Plaintiff testified that she is unable to do chores; she is unable to drive more than once per week; she has problems with urination; she is unable to reach the bottom rack of the dishwasher; she struggles with grocery shopping, specifically lifting more than a half-gallon of milk; she needs assistance getting into the shower and getting dressed or must wait until she has a good day to do so; and she experiences "attacks" when driving during rush hour or when she sees accidents. (R. at 47–67.) The ALJ did not explain how Plaintiff's medical records undermined that testimony.

Moreover, as Plaintiff points out, the ALJ's citations lack specificity. The ALJ offered a non-specific citation to 434 pages' worth of medical records before concluding that "physical examinations of the claimant noted normal findings in gait, station, sensory and motor functioning, range of motion, and strength." (R. at 33.) This is precisely what the Ninth Circuit has instructed ALJs not to do. *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) ("To support a lack of credibility finding, the ALJ was required to point to *specific facts* in the record.") (quoting *Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009)); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). Therefore, the ALJ's first justification for

discrediting Plaintiff's symptom testimony is not clear and convincing or supported by substantial evidence.

The ALJ also discounted Plaintiff's testimony because it was inconsistent with her reports of daily activities. (R. at 33.) Specifically, the ALJ found that Plaintiff's ability to prepare simple meals and do light household chores suggests she may not be as limited as alleged. (R. at 33.) An ALJ may consider testimony about a claimant's daily activities and may find that such testimony detracts from the claimant's credibility when the activities contradict other testimony and meet the "threshold for transferable work skills." *Orn*, 495 F.3d at 639. In other words, daily activities may lead to an adverse credibility finding if the activities are transferable to a work setting and the claimant can engage in them for a substantial part of her day. *Id.*

Preparing simple meals and doing light household chores does not meet the threshold of pursuits "that are transferable to a work setting." *Fair*, 885 F.2d at 603. Moreover, the fact that a claimant has continued engaging in certain daily activities does not make her less credible as to her overall disability. *Orn*, 495 F.3d at 639. Therefore, this reason is not supported by substantial evidence.

In sum, the ALJ's reasons for rejecting Plaintiff's symptom testimony do not meet the exacting clear and convincing standard, and it was error for the ALJ to reject it.

**B.     Medical Opinions**

Plaintiff's second argument is that the ALJ erred by assigning "some weight" to the opinions of Plaintiff's treating licensed associate counselor, Roy Chukwuemeka, and the state agency psychologist, Kari Coelho. (Pl. Br. at 18–23.) The ALJ is responsible for resolving conflicts in the medical evidence. *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester*, 81 F. 3d at 830–31). To reject the opinion of a medically acceptable treating source, an ALJ "must provide specific, legitimate reasons based on substantial evidence in the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). This same standard applies to the opinion of an examining doctor. *Lester*, 81

F.3d at 830–31. In contrast, an ALJ may discount testimony from "other sources" by giving germane reasons. *Molina*, 674 F.3d at 1111 (citations omitted).

### 1. Roy Chukwuemeka

Mr. Chukwuemeka completed a mental opinion questionnaire (subtitled "Mental Impairments") in which he opined that Plaintiff has significant limitations. (R. at 938–40.) The ALJ stated that she gave Mr. Chukwuemeka's opinion some weight. (R. at 34.) However, the ALJ appears to have rejected Mr. Chukwuemeka's opinion and substituted it for her own, which is impermissible. *Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017). For example, the ALJ noted that Mr. Chukwuemeka found that Plaintiff had poor to no ability in understanding, remembering, or carrying out simple instructions, yet then concluded that this finding was consistent with a reasoning level three, which implies commonsense understanding to carrying out instructions furnished in written, oral, or diagrammatic form and occasional changes in the workplace setting. (R. at 33.) Defendant argues that the ALJ "implicitly" rejected Mr. Chukwuemeka's opinion because of its inconsistency with the record, citing Plaintiff's score of 28 out of 30 on the Mini-Mental State Examination ("MMSE") and ability to drive, do chores, and prepare meals. (Def. Br. at 11.) However, the ALJ did not explain how these activities are inconsistent with Mr. Chukwuemeka's opinions and was therefore not sufficiently specific. (R. at 33–34.) Consequently, the Court finds that it was error for the ALJ to reject Mr. Chukwuemeka's opinion.

### 2. Kari Coelho

Dr. Kari Coelho, the state agency psychologist, completed a psychological/psychiatric medical source statement, which the ALJ gave some weight. (R. at 33, 471–72.) The ALJ noted that Dr. Coelho found that Plaintiff was capable of getting along with coworkers, responding to supervision, carrying out instructions and work-like procedures, responding to changes in work setting, and being aware of and responding to normal hazards. (R. at 33.) The ALJ concluded that these findings were consistent with Plaintiff's reports of daily activities and MMSE score of 28/30. (R. at 33.)

Plaintiff claims that the ALJ cherry-picked certain portions of Dr. Coelho's opinion while ignoring other portions that support a finding of disability. (Pl. Br. at 23.) In addition to the opinions the ALJ discussed, Dr. Coelho found that Plaintiff "demonstrated fair attention and concentration at best" and "appeared to have poor emotional regulation." (R. at 471.) Dr. Coelho also noted that Plaintiff appeared depressed and in pain and was sobbing hysterically throughout the evaluation. (R. at 471.) Finally, she observed that Plaintiff seemed "preoccupied and overwhelmed with all the losses in her life, psychosocial stressors and the chronic pain that she is enduring." (R. at 471.)

The Court finds that, as with Mr. Chukwuemeka's opinion, the ALJ failed to provide a specific reason for discounting Dr. Coelho's opinion and therefore erred.

### C. Credit-As-True Rule

Plaintiff asks that the Court apply the credit-as-true rule, which would result in a remand for payment of benefits rather than for further proceedings. (Pl. Br. at 18.) The credit-as-true rule only applies in cases where three elements are present. *Treichler*, 775 F.3d at 1099–1102. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if these requirements are met, the Court still retains the "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 995.

In this case, the ordinary remand rule applies because (1) the second factor of the credit-as-true rule isn't satisfied (further proceedings may be useful to resolve conflicts)

and (2) having independently reviewed the record, the Court harbors serious doubt as to whether Plaintiff is, in fact, disabled. For example, although Plaintiff's licensed counselor opined to debilitating limitations, his opinion is largely unsupported by his treatment records. Additionally, there are other treatment records that indicate normal or mild objective findings with regard to Plaintiff's impairments. (R. at 395–99, 430, 447–48, 654–55, 694, 753–58, 942–51.) Finally, two state agency physicians, Carol Hutchinson and Christopher Maloney, opined that Plaintiff could perform a range of medium work. (R. 92-94, 129-31.)

**IT IS THEREFORE ORDERED** reversing the December 18, 2017 decision of the Administrative Law Judge (R. at 24–36) as upheld by the Appeals Council on April 26, 2018 (R. at 12–15).

**IT IS FURTHER ORDERED** remanding this matter for further consideration consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 13th day of February, 2020.

Dominic W. Lanza
United States District Judge