**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philana Andreason,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-18-04102-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Defendant's motion for leave to file a surreply in response to Plaintiff's reply in support of her motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 20.) Defendant indicated that Plaintiff did not consent to the motion (*id.* at 1), but Plaintiff did not file an opposition. Defendant's motion will be granted, and the Clerk of Court will be directed to file the surreply lodged at Doc. 21.

Also pending is Plaintiff's motion for EAJA fees (Doc. 16) and memorandum in support thereof (Doc. 17). "The Equal Access to Justice Act (EAJA) instructs that this court 'shall' grant attorneys['] fees to a prevailing plaintiff 'unless' the government meets its burden to demonstrate that both its litigation position and the agency decision on review were 'substantially justified.'" *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (quoting 28 U.S.C. § 2412(d)(1)(a)). Here, the government has chosen not to argue that its position was substantially justified (Docs. 18, 21), so the Court must grant attorneys' fees. *See, e.g., Robinson v. Berryhill*, 2018 WL 7140957, *2 (9th Cir. 2018) ("Pursuant to the

parties' stipulation and the [EAJA], 24 U.S.C. § 2412(d), attorney's fees . . . and costs . . . are awarded."); *Wheatley v. Berryhill*, 2018 WL 6579351, *1 (9th Cir. 2018) (same).

Having determined that Plaintiff is eligible for EAJA fees, the Court must determine what fee is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jean*, 496 U.S. at 161 ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."). This is "now called the 'lodestar' method" of determining the reasonableness of fees. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

Plaintiff's counsel charged the statutory maximum rates, and the reasonableness of the hourly rates is not in dispute.[1]

The parties dispute whether the amount of time Plaintiff's counsel billed was reasonable. As a preliminary matter, the reasonableness of the number of hours spent is necessarily a case-specific determination, and it is improper to generalize from other cases and impose "a de facto cap" on the number of hours compensable under the EAJA. *Costa,* 690 F.3d at 1134. The Ninth Circuit has emphasized that dubbing any social security case "routine" would be "a misnomer" because the cases "are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence," such that two cases involving the same issues might nevertheless require different amounts

---

[1] Attorneys' fees pursuant to the EAJA "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI–U') for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). However, the Ninth Circuit has simplified this process by posting the statutory maximum rates from 2009 to the present on its website, available at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

- 2 -

of work. *Id.* at 1134 n.1. Courts generally should defer to "the winning lawyer's professional judgment," and if "the amount of time requested for a particular task is too high," the Court must explain why. *Id.* at 1136.

Plaintiff originally requested $8,801.30 in her motion for EAJA attorneys' fees, as her counsel spent 6.7 hours on her case in 2018, 34.2 hours in 2019, and 2.1 hours in 2020. (Doc. 17 at 9; Doc. 17-2 at 2-3.) Defendant opposed the amount of fees requested and argued that "$6,625.65 is a more reasonable amount for Plaintiff to receive for litigating this case." (Doc. 18 at 5.) Plaintiff filed a reply, in which Plaintiff asserted that "[t]he additional three hours to prepare [the] reply brief, at the current hourly rate of $205.25, when added to the original EAJA request, equals $9,417.05, which should be the current EAJA award. (Doc. 19 at 10.)[2]

The Court has carefully reviewed Plaintiff's attorney's itemization of services (Doc. 17-2 at 2-3) and concludes that the hours spent on this case do not include clerical work, impermissible duplication of time, or otherwise unreasonable expenditures of time. The Court finds no fault with the fact that two attorneys collaborated on this case and recognizes that legal collaboration often requires multiple attorneys to review the same documents in order to contribute meaningfully to the drafting and editing process. *Cf. Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008) (when associates work on a case, the partner who supervises them must review the documents). Furthermore, although reducing the amount of an award is appropriate where excessive time is recorded for briefing that merely regurgitates previous briefing or consists entirely of boilerplate material, *see, e.g.*, *Barker v. Comm'r of Soc. Sec. Admin.*, 2019 WL 6893013, *2 (D. Ariz. 2019), such is not the case here. The Court appreciates Plaintiff's counsel's concession that "sections of the opening brief . . . are mostly boilerplate" and agrees with counsel's assertion that this "partial criticism does not invalidate time spent on the overall brief." (Doc. 19 at 8.) "[T]he Court will not second-guess the amount of time Plaintiff's counsel spent on briefing the

---

[2] Defendant's short surreply takes issue with some of the assertions in Plaintiff's reply but does not advance any new arguments challenging the requested EAJA fees. (Doc. 21.)

winning arguments in this case." *Barker*, 2019 WL 6893013 at *4. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno*, 534 F.3d at 1112.

Defendant argues that Plaintiff's request for 1.5 hours in fees on May 12, 2020 should be reduced by 0.5, apparently taking issue with the fact that Plaintiff's counsel's tasks included reviewing Defendant's response brief, as well as sending an email. (Doc. 18 at 5.) Although block-billing of this nature is frowned upon,[3] none of the tasks listed appear inappropriately billed, and the mere 1.5 hours spent would not appear excessive even if all of that time had been attributed only to drafting the 17-page motion for EAJA fees.

As for the 0.1 hours expended on April 26, 2019, although the item description is inadequately vague,[4] the Court is disinclined to reduce the award in this case due to an inadequate description of a 0.1 hour time entry, particularly in light of the fact that the remainder of the entries reflect efficient use of time. Moreover, as none of Defendant's other objections to Plaintiff's fees request carry any weight, carping over the item description of a 0.1 hour task is rather disappointing.

Having prevailed entirely in the fees motion, Plaintiff is also entitled to the fees incurred in litigating it. *Jean*, 496 U.S. at 163 n.10.

Accordingly,

**IT IS ORDERED** that Defendant's motion for leave to file a surreply (Doc. 20) is **granted**. The Clerk of Court will be directed to file the surreply lodged at Doc. 21.

**IT IS FURTHER ORDERED** that Plaintiff's motion for EAJA fees (Doc. 16) is **granted** and Plaintiff is awarded $9,417.05 in attorneys' fees.

---

[3] "[B]lock billing makes it more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

[4] "[P]laintiff's counsel "is not required to record in great detail how each minute of his time was expended," but rather "can meet his burden—although just barely—by simply listing his hours and "identify[ing] the general subject matter of his time expenditures." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000).

**IT IS FURTHER ORDERED** that, pursuant to the parties' stipulation, if the government determines that Plaintiff does not owe a debt subject to offset under the Treasury Offset Program, 31 U.SC. § 3716(c), and the government agrees to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, the government shall pay the EAJA award to Plaintiff's counsel. If there is a debt owed under the Treasury Offset Program, the remaining EAJA award after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's counsel.

Dated this 16th day of September, 2020.

Dominic W. Lanza
United States District Judge